# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CIVIL NO. 1:04CV52
## (1:02CR19-3)

| | |
|---|---|
| HAROLD DEAN GARRETSON, JR. ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| Vs. ) | **MEMORANDUM AND ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Petitioner's motion pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct his sentence. No response is necessary from the Government.

A prisoner in federal custody may attack his conviction and sentence on the grounds that it is in violation of the Constitution or United States law, was imposed without jurisdiction, exceeds the maximum penalty, or is otherwise subject to collateral attack. **28 U.S.C. § 2255.** However,

> [i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified.

**Rule 4, Rules Governing Section 2255 Proceedings for the United States District Courts.**

The Court, having reviewed the record of the criminal proceedings, enters summary dismissal for the reasons stated herein.

## I. PROCEDURAL HISTORY

On February 5, 2002, Petitioner and others were charged with conspiracy to manufacture and possession with intent to distribute methamphetamine and possession of precursor chemicals with the intent to manufacture methamphetamine and aiding and abetting in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1), and 18 U.S.C. § 2. **Bill of Indictment, filed February 5, 2002.** On August 16, 2002, Petitioner entered into a plea agreement with the Government pursuant to which he agreed to plead guilty to the conspiracy charge contained in Count Two of the indictment. **Plea Agreement, filed August 16, 2002.** The Petitioner agreed that his sentence "including any fine, will be within the applicable Sentencing Guidelines range, and that the Court in its discretion will determine the exact point within that range." *Id.*, **at 3.**

On August 20, 2002, Petitioner appeared before the Magistrate Judge for a Rule 11 hearing and stated under oath the following: that he had reviewed the indictment with his attorney; that he understood each element of the offense and the potential punishment; he was pleading guilty because he was in fact guilty of the offense; he was satisfied with the services of his attorney; he and his attorney had "discussed how the Sentencing Guidelines may apply" to his case and he understood what their application might be in his case; he had received ample time to discuss any possible defenses with his attorney and told his attorney everything he wanted her to know about his case; that he knew and understood what he was doing; he had understood all parts of the proceedings; and wanted the Court to accept his plea of guilty. **Rule 11 Inquiry and Order of Acceptance of Plea, filed August 20, 2002.**

The Petitioner's presentence report recommended a base offense level of 32. No enhancements were recommended or applied. An adjustment for acceptance of responsibility

reduced the total offense level to 29. This offense level combined with a Criminal History category of VI provided a Guideline range of 151 to 188 months. Petitioner filed no objections to the presentence report. On March 27, 2003, the undersigned sentenced the Petitioner to serve 188 months of imprisonment. **Judgment in a Criminal Case, filed April 30, 2003.** Petitioner did not file a notice of appeal. On March 25, 2004, Petitioner filed this motion pursuant to § 2255.

## II. DISCUSSION

Petitioner alleges that his attorney was "ineffective in her failure to review the applicable Guidelines [and] offense points [and] criminal history points prior to sentencing" and failed to review the presentence report and supporting documents. **Petitioner's Motion, at 5.**

In his written plea agreement, signed by Petitioner and his attorney on August 15, 2002, the Petitioner states that he is aware of the statutory minimum and maximum sentences for the offense. **Plea Agreement,** *supra,* **at 1.** In the preliminary review of the Rule 11 Inquiry attached to the plea agreement and signed the same day, the Petitioner states that he has reviewed the indictment with his attorney and understands the minimum and maximum penalties prescribed by law for the offense. **Rule 11 Inquiry,** *attached to* **Plea Agreement, ¶¶ 9-10;** *see also,* **Rule 11 Inquiry and Order of Acceptance of Plea,** *supra,* **¶¶ 11-12.** During the Rule 11 hearing, he assured the Magistrate Judge that he has discussed the Guidelines with his attorney and understood how they might apply to his case. *Id.,* ¶ 25.

Likewise, the Petitioner's allegations that offense points, criminal history points and the presentence report were not discussed with him have no merit. As is the custom and unfailing

practice by this Court before proceeding further with any sentencing hearing, a defendant is asked if he or she has reviewed the presentence report with their attorney; and if so, did he or she understand the contents thereof. The Court then inquires of counsel if he or she reviewed the report with their client, and if so, did the client, in their opinion, understand the report. This procedure was followed during Petitioner's sentencing hearing; the Petitioner answered that he had reviewed the presentence report and understood its contents; his attorney, likewise, answered that she had reviewed the presentence report with the Petitioner and was confident he understood the contents thereof.

Part B of the presentence report contains the Petitioner's chronological history of his adult convictions, computes his criminal history points and establishes a criminal history category of VI. **Presentence Report, dated January 13, 2003, at 8-16.** Court records indicate the Petitioner's attorney received the report on January 15, 2003, some 60 days before the sentencing date. **Notification of Presentence Report to the Court, filed February 11, 2003.**

In considering Petitioner's claims that he has not received adequate assistance of counsel,

> First, the defendant must demonstrate that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

***Strickland v. Washington*, 466 U.S. 668, 686 (1984).** Unless a defendant makes both showings, his claim of ineffective assistance of counsel must fail. *Id.* Thus, a defendant must show counsel's performance fell below objective standards of reasonableness, and, that but for her

conduct, there was a reasonable probability the result of the trial would have been different. *Id.*, **at 688.** The Petitioner here makes neither showing.

From the written record of Petitioner's statements, it is clear that he knew and understood the nature and consequences of the charge against him, was advised of the sentencing range and Sentencing Guidelines before voluntarily pleading guilty, and was fully aware of the contents of the presentence report and made no objections thereto. ***See, United States v. DeFusco*, 949 F.2d 114 (4th Cir. 1991).**

Petitioner next contends he was sentenced pursuant to inapplicable Guidelines as proscribed by 18 U.S.C. § 3742(a) (2) which states in pertinent part:

> A defendant may file a notice of appeal in the district court for review of an otherwise final sentence if the sentence . . . (2) was imposed as a result of an incorrect application of the sentencing guidelines[.]

**18 U.S.C. § 3742(a)(2).** Petitioner's basis for this contention is that "counsel failed to object to the sentencing court on unsubstantiated prior criminal record to the sentence imposed." **Petitioner's Motion,** *supra.* His final ground for relief is virtually identical in nature; that is, "the sentencing court passed sentence on defendant on 'PSI' that did not prove that the defendant had been convicted of the prior convictions and served the required amount of time in jail to warrant enhancement." *Id.*

The prevailing theme throughout the Petitioner's motion is that his prior convictions were not proved before a jury. The Supreme Court has previously addressed this contention in a definitive ruling:

> *Other than the fact of a prior conviction,* any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt.

*Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000) (emphasis added). This holding was sustained by the Court's decision in *United States v. Booker*, 125 S. Ct. 738, 756 (2005). These allegations, therefore, are without merit.

**IT IS, THEREFORE, ORDERED** that the Petitioner's motion pursuant to 28 U.S.C. § 2255 is hereby **DENIED**. A Judgment dismissing the petition is filed herewith.

**Signed: July 18, 2005**

Lacy H. Thornburg
United States District Judge