IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CIVIL NO. 1:04CV52
(1:02CR19-3)

| | |
|---|---|
| HAROLD DEAN GARRETSON, JR. ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| Vs. ) | **O R D E R** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on the Petitioner's motion pursuant to Federal Rule of Civil Procedure 59(e) to alter or amend judgment.

**STANDARD OF REVIEW**

"There are three circumstances in which the district court can grant a Rule 59(e) motion: '(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice.'" *United States ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002), *cert. denied*, 538 U.S. 1012 (2003) (quoting *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)).

> Thus, the rule permits a district court to correct its own errors, "sparing the parties and the appellate courts the burden of unnecessary appellate proceedings." Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first

instance. . . . In general reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly.

*Id.* **(quoting** *Russell v. Delco Remy Div. of Gen. Motors Corp.***, 51 F.3d 746, 749 (7th Cir. 1995) (other quotations omitted).** And, "mere disagreement [with the Court's ruling] does not support a Rule 59(e) motion." *Hutchinson v. Staton*, **994 F.2d 1076, 1082 (4th Cir. 1993).**

Petitioner claims that issues raised in a supplemental pleading filed after the Court dismissed his motion pursuant to 28 U.S.C. § 2255 warrants relief pursuant to Rule 59(e). However, that pleading provides no information which would change the result of the previous decision; indeed, it is merely a restatement of issues raised in the § 2255 motion. No other grounds raised in the pending motion warrant relief.

**IT IS, THEREFORE, ORDERED** that the Petitioner's motion to alter or amend judgment is hereby **DENIED**.

**Signed: August 23, 2005**

*[signature]*

Lacy H. Thornburg
United States District Judge